UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04754-JPH-MJD ) |
| ADESA et al, | ) ) |
| Defendant. | ) ) |

**ORDER DISMISSING COMPLAINT**

Robert Johnson has filed this action against more than 100 defendants alleging that three vehicles he purchased were defective and caused him permanent injuries, disabilities, and near-death experiences. Dkt. 1. Because Mr. Johnson has not shown that this court has jurisdiction over this case, his complaint must be dismissed.

**I.**

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The plaintiff bears the burden of establishing subject-matter jurisdiction. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008). And if the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015)

1

("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over this case. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Johnson's complaint alleges federal-question jurisdiction, but it does not identify any federal claim. Dkt. 1. Mr. Johnson appears to pursue product-liability and personal-injury theories, but those theories generally give rise to state—not federal—claims. *See, e.g., Karahodzic v. JBS Carriers, Inc.*, 881 F.3d 1009, 1015–16 (7th Cir. 2018); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016–17 (7th Cir. 2002).

Nor has Mr. Johnson alleged or established diversity jurisdiction. He has not included his state of citizenship or the citizenship of any of the more than 100 defendants. Dkt. 1. Without that information, the Court cannot find diversity jurisdiction. *See Evergreen Square of Cudahy*, 776 F.3d at 465.

Mr. Johnson's complaint therefore must be dismissed for lack of jurisdiction.

## II.

Mr. Johnson's complaint also does not explain where his injuries occurred or why venue is proper in the Southern District of Indiana. *See* 28 U.S.C. § 1391 (identifying proper venue in federal district courts). Nor does it connect its factual allegations to each named defendant. *See Burger v. County of Macon*, 942 F.3d 372, 374 (7th Cir. 2019) ("[T]he complaint must allege factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.").

Mr. Johnson shall have **through January 10, 2020** to file an amended complaint that addresses the issues identified in this order and sets forth a basis for this Court's subject-matter jurisdiction. In doing so, he must clearly show (1) the federal law giving rise to his claims, (2) that the parties are of diverse citizenship, or (3) another basis for the Court's jurisdiction. If Mr. Johnson does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 12/9/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT W. JOHNSON
3345 FISH AVE.
APT. 1
BRONX, NY 10469